IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK WAYNE BROWN, #1539856, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-0410-D-BK |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  For the reasons that follow, it is recommended that the petition be denied.

**I.  BACKGROUND**

Petitioner was convicted of burglary of a building, and was sentenced to 15 years' imprisonment.  *State v. Brown*, No.F08-00863-Y (Crim. Dist. Ct. No. 7, Dallas County Oct. 8, 2008), *aff'd*, No. 05-08-01331-CR, 2010 WL 2293414 (Tex. App. –Dallas, Jun. 9, 2010, pet. ref).  The Texas Court of Criminal Appeals denied his state habeas application.  *See Ex parte Brown*, No. WR-76,406-02, SHCR-02 at Action Taken Sheet (Tex. Crim. App. Oct. 5, 2011) (denying application without written order on findings of trial court).[1]  In the two grounds raised in this timely federal petition, Petitioner alleges

> (1) the trial court erred by requiring the jurors to continue deliberations after they had reached an "informal verdict" finding him guilty of the lesser included offense of theft, and

> (2) trial counsel rendered ineffective assistance in failing to object to the trial

---

[1] SHCR-02 refers to the State Habeas Clerk's Record in case number WR-76,406-02.

court's response to the jury's note, and in failing to know the law and perform as an advocate.

(Doc. 3 at 6).  Respondent argues the petition lacks merit.  (Doc. 17).

## II.  ANALYSIS

**A.   The Petition Lacks Merit**

Habeas corpus relief is precluded unless the state court's adjudication on the merits

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA).  Petitioner bears the burden of establishing that he is entitled to relief.  *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).  That burden is "difficult to meet," however, as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt."  *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).

<u>Ineffective Assistance of Counsel (Claim 2)</u>

Under the AEDPA, the Court reviews Petitioner's ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'"  *Cullen v. Pinholster*,___ U.S. ___, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted).  In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable."

*Harrington*, 131 S. Ct. at 785.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his counsel's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner asserts defense counsel rendered ineffective assistance when he failed to object to the trial court's response to the jury note, and know the law and perform as an advocate. (Doc. 3 at 6). He states "trial counsel allowed [the] court to misstate the law and bypass the mandatory requirement for [the] trial court to make a[n] inquiry after the jury made a[n] informal verdict." *Id.* In essence, he claims the trial court should not have permited "the jury to further deliberate without inquiring if the jury wished to reduce [the] verdict to its lesser form," namely the lesser included offense of theft. *Id.*

The state court of appeals summarized the relevant procedural history:

> During deliberations, the jury sent a note stating, "If 9 vote guilty & 3 vote not guilty on Burglary is that considered an aquital [sic][?] We'all [sic] agree on theft guilt." Initially, Brown objected to the trial court's proposed answer on the

basis that the jury had reached an informal verdict. After further discussion and a recess so the trial court could research the issue, the trial court presented the parties with two proposed answers to the jury's question: (1) "You are ordered to continue your deliberations"; or (2) "No. A nine vote guilty and three vote not guilty is not an acquittal. It simply means you have not reached a unanimous verdict as of this time. You are instructed to continue to deliberate." In response, Brown offered a third option: "Your verdict must be unanimous on the charge." As a result, the trial court prepared the following answer for the jury: "In response, your verdict on the charged offense of burglary of a building must be unanimous as to either a verdict of guilty or not guilty before you can proceed to consider the lesser included offense of theft." The trial court inquired if there were any objections and Brown stated "No objection."

  Based on the record, we conclude Brown did not preserve this issue for appeal. Brown did not make a timely, specific objection to the trial court's response to the jury's note. See TEX.R.APP. P. 33.1(a).

*Brown v. State*, 2010 WL 2293414 (Tex. App.–Dallas, Jun. 9, 2010) (unpublished).

Subsequently, the state habeas court denied habeas relief on Petitioner's ineffective assistance of counsel claims, finding:

  Applicant has failed to prove that counsel failed to know the law regarding lesser included offenses. In fact, counsel argued that Applicant, if guilty, was only guilty of the lesser included offense.

  . . .

  Applicant has failed to prove that counsel improperly responded to the trial court's instruction regarding acquittal on the charge of burglary of a building versus theft.

SHCR-02 at 47.

Petitioner cannot show that counsel's performance was deficient and that it prejudiced him. His pleadings reference only general legal standards governing effective assistance of counsel, and fail to assert any legally meritorious objection that counsel could have presented to the trial court. (Doc. 4 at 19-23). Nor does Petitioner provide any legal support for his assertion that the trial court should not have permitted the jury to continue deliberations after the jury note.

He merely states "[t]he informal verdict was never brought to the attention of the jury and there is no evidence that the jury refused to reduce its informal verdict to the proper form." *Id.* at 22.

Likewise, Petitioner fails to allege any facts in support of his claim that counsel did not know the law and failed to perform as an advocate. He simply notes that "trial counsel's amiable 'no objection' was a[n] abdication to his loyal duty to being the advocate creating sufficient prejudice and this minimum effort reveals a total absence of advocacy skills." (Doc. 4 at 23). Petitioner's allegation, however, is conclusory and speculative, and it cannot form the basis for section 2254 relief. *See United States v. Demik*, 489 F.3d 644, 646-47 (5th Cir. 2007) (holding that a claim of ineffective assistance of counsel must be stated with specificity, and " allegations" and "generalized assertions" of error will not suffice); *Ross* v. *Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (mere conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a habeas proceeding).

Petitioner cannot demonstrate that the state court's decision rejecting his claims of ineffective assistance of counsel were contrary to or an unreasonable application of clearly established federal law. Therefore, claim 2 should be denied.

<u>Trial Court Erred in Allowing Jury to Further Deliberate  (Claim 1)</u>

In his reply, Petitioner concedes his first claim is procedurally defaulted because the state appellate court found that Petitioner did not preserve the issue for appellate review by objecting to the trial court's response to the jury's note. (Doc. 13 at 1). To excuse his default, Petitioner asserts his second claim, that counsel rendered ineffective assistance in failing to object to the trial court's response to the jury's note. *Id.* at 3. Petitioner, however, cannot establish deficient performance and prejudice as a result of his counsel's failure to object to the court's response to

the jury's note. Accordingly, claim 1 is procedurally defaulted.

B. **Evidentiary Hearing Not Required**

Petitioner requests an evidentiary hearing to develop the facts in support of his ineffective assistance of counsel claim. (Doc. 4 at 23; Doc. 13 at 6). However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. As discussed above, Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Therefore, Petitioner is not entitled to a federal evidentiary hearing.

### III. RECOMMENDATION

It is recommended that the petition for writ of habeas corpus be **DENIED** on the merits.

SIGNED January 8, 2013.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE